## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) Chuck Travis Cowan, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>1) Devon Energy Corporation; and<br>2) Devon Energy Production Company, L.P.,<br><br>Defendants. | Case No. 22-CV-220-JAR |

## CLASS ACTION COMPLAINT

Chuck Travis Cowan ("Plaintiff" or "Cowan"), on behalf of himself and the Class of all other persons similarly situated, file this Class Action Complaint against Devon Energy Corporation and Devon Energy Production Company, L.P. (collectively, "Devon"), and alleges and states as follows:

### SUMMARY OF ACTION

1. This class action suit concerns Devon's willful and ongoing violations of Oklahoma law related to payment of oil and gas production proceeds ("O&G Proceeds") to persons with a legal interest in the mineral acreage under a well which entitles such person(s) (*i.e.*, the "Owner") to payments of O&G Proceeds.

2. Plaintiff is an Owner in an oil and gas well in Oklahoma in which Devon has incurred an obligation to pay O&G Proceeds. Devon is the operator of the well and pays royalty to Plaintiff and is statutorily obligated to pay interest to Plaintiff.

3.     The oil and gas industry has historically been rife with abuse by lessees and operators who routinely delay and/or suspend payments to Owners to, among other things, obtain interest free loans at the expense of Owners. Because of the lessee's or operator's control over the relationship, they are able to easily and successfully employ such schemes.

4.     Oklahoma law attempts to redress and/or prevent such abuses by requiring companies, including Devon, to pay interest on "proceeds from the sale of oil or gas production or some portion of such proceeds [that] are not paid prior to the end of the applicable time periods provided" by statute ("Untimely Payments"). OKLA. STAT. tit. 52, § 570.10(D); *see generally*, OKLA. STAT. tit. 52, § 570, *et seq.* (the "Production Revenue Standards Act" or the "Act").

5.     The Act gives Owners a uniform, absolute right to interest on Untimely Payments, regardless of whether such payments were previously suspended to address title marketability issues, or any other reason such payments were not made within the time limits required by the Act. The plain language of the Act imposes an obligation to include interest on Untimely Payments. Compliance with this statutory requirement is not optional and does not require a prior written or oral demand by Owners.

6.     Devon is well aware of its obligations to pay the required interest on Untimely Payments. Nevertheless, in violation of Oklahoma law, Devon ignored its obligation to pay interest on Untimely Payments made to Plaintiff. Indeed, on information and belief, Devon routinely delays payment of production proceeds and denies Owners the interest payments to which they are entitled as part of an overarching scheme to avoid its obligations under Oklahoma law.

7. Accordingly, Plaintiff files this Class Action Complaint against Devon to obtain relief on behalf of all similarly situated Owners, as defined below.

8. Plaintiff files this Class Action Complaint against Devon for breach of its statutory obligation to pay interest and fraud. Additionally, Plaintiff seeks an accounting, disgorgement, and injunctive relief against Devon.

## PARTIES

9. Plaintiff is a resident and citizen of the State of Oklahoma.

10. Plaintiff is an Owner in an Oklahoma well and is entitled to payment of O&G Proceeds therefrom.

11. Devon Energy Corporation is a corporation organized under Delaware law with its principal place of business in Oklahoma and may be served with process by serving its registered agent, The Corporation Company, 1833 S. Morgan Road, Oklahoma City, OK 73128.

12. Devon Energy Production Company, L.P., a wholly owned subsidiary and instrumentality of Devon Energy Corporation, is a limited partnership organized under Oklahoma law with its principal place of business in Oklahoma and may be served with process by serving its registered agent, The Corporation Company, 1833 S. Morgan Road, Oklahoma City, OK 73128.

13. At all times relevant to the claims asserted herein, Devon is/was a producing owner or operator of oil and/or gas wells in the State of Oklahoma. Devon is obligated to pay O&G Proceeds to Plaintiff and the putative class.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds the sum of $5,000,000, and because members of the class and Defendants are citizens of different states.

15. This Court has personal jurisdiction over Devon because it operates in Oklahoma and because it distributes oil-and-gas proceeds across Oklahoma. Plaintiff and Defendants have also agreed to the filing of this action in this District.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in, or a substantial part of property that is the subject of this action is situated in, this District, and because Plaintiff and Defendants have agreed to venue in this District.

## CLASS ACTION ALLEGATIONS

17. The allegations set forth above are incorporated herein by reference.

18. Plaintiff brings this action on behalf of himself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All non-excluded persons or entities who, during the Claim Period: (1) (i) received payments from Defendants (or Defendants' de-signee) for oil, gas, or natural gas liquids proceeds from Oklahoma wells or (ii) whose proceeds were remitted to unclaimed property divisions of any government entity by Defendants; and (2) whose payments or whose unclaimed property payments did not include statutory interest.

> Excluded from the Class are: (1) Defendants, their affiliates, predecessors, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (3) publicly

traded oil-and-gas companies and their affiliates; (4) persons or entities that Plaintiff's counsel may be prohibited from representing un-der Rule 1.7 of the Oklahoma Rules of Professional Conduct; (5) any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2); and (6) officers of the Court.

19. The Claim Period means the time period between and including October 1, 2011, through the expiration of one-hundred-twenty (120) days following execution of the Settlement Agreement for this matter (i.e. November 19, 2022).

20. Upon information and belief, absent Class members who are entitled to interest owing on Devon's Untimely Payments number in the thousands. Therefore, the Class is so numerous that joinder of all members is impracticable.

21. The questions of fact and law common to the Class, include:

   a. Whether Plaintiff and the Class own legal interests in the Oklahoma mineral acreage upon which Devon has an obligation to pay O&G Proceeds;

   b. Whether, under Oklahoma law, Devon owed interest to Plaintiff and the Class on any Untimely Payments;

   c. Whether Devon's failure to pay interest to Plaintiff and the Class on any Untimely Payments constitutes a violation of the Act;

   d. Whether Devon defrauded Plaintiff and the Class by knowingly withholding statutory interest; and

   e. Whether Devon is obligated to pay interest on future Untimely Payments.

22. Plaintiff's claims are typical of the Class' claims because the claims are identical for each Class member.

23. Devon treated Plaintiff and the Class in the same way by failing to pay the required interest on Untimely Payments.

24. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil and gas matters, accounting, and complex civil litigation, including class and mass actions.

25. The averments of fact and questions of law herein, which are common to the members of the Class, predominate over any questions affecting only individual members.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so uniform across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own actions, at their own expense;

   b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member, with the same scope of Class membership sought herein, against Devon relating to Devon's failure to pay interest owing on the Untimely Payments of O&G Proceeds as required by law;

   c. The interests of all parties and the judiciary in resolving these matters in one forum without the need for multiplicity of actions is great;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member, and not just those who can afford to bring their own actions; and

   e. Absent a class action, Plaintiff and the Class members may never discover the wrongful acts of Devon, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Devon.

**GENERAL ALLEGATIONS AND FACTUAL BACKGROUND**

27. The allegations set forth above are incorporated herein by reference.

28. Devon owned and/or operated (and/or Devon owned a working interest in) numerous oil and/or gas wells throughout Oklahoma. Devon owed payments of O&G Proceeds to Plaintiff and Class members as a result of the mineral production from such wells.

29.     "For decades, oil and gas producers or first purchasers would for various reasons delay or decline to distribute the proceeds from the first sale to interest owners and use those funds for their own purposes until they were ultimately distributed, if at all." 2015 OK AG 6 at ¶ 2 (Sep. 1, 2015) (*citing* Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts*, 31 Okla. City U. L. Rev. 1, 4 (2006)).  Holders of the production proceeds frequently and intentionally avoided making any reasonable efforts to locate interest owners or notify them of their interest.  *See id.*  Instead, they would "suspend" their royalty payments until demanded and, in the meanwhile, gain the benefit of the possession of those funds.  *See id.*  Moreover, even when they eventually made the royalty payments, the holders often would not pay interest.  *See id.*  "[T]here was a great incentive to delay royalty payments" and "many producers routinely suspended royalties and delayed payment for many months and even years to take advantage of the interest earned during the float between the receipt of sales proceeds and disbursement of royalties."  *See id.* (*citing* Bondurant at 18).  This not only deprived interest owners of the time-value of the money owed to them, it also gave rise to "an ever increasing case load of litigation between royalty owners and purchasers…precipitated by the use of suspense accounts."  *Id.* (*citing Hull v. Sun Refining & Mktg. Co.*, 1989 OK 168, ¶ 9, 789 P.2d 1272, 1277).

30.     As a result of this conduct, many states, including Oklahoma, enacted statutes to curtail this abuse.  In Oklahoma, the Act requires Devon to make payments within certain time periods.  Further, the Act requires Devon to pay interest on any Untimely Payments, regardless of the reasons why such payments were delayed.  The Act gives Owners an absolute

right to interest on Untimely Payments. The plain language of this statute imposes an obligation to include interest on Untimely Payments. Compliance with this statute is not optional and does not require a prior written or oral demand by royalty owners.

31.     Plaintiff and Class members were entitled to payment of O&G Proceeds from Devon and, pursuant to the Act, were further entitled to interest on any Untimely Payments from Devon.

32.     Plaintiff and Class members placed their trust and confidence in Devon to pay them the O&G Proceeds to which they were entitled, including any interest owed thereon. Devon had superior access to information regarding O&G Proceeds and the amounts it owed to Plaintiff and the Class, including interest, on Untimely Payments.

33.     When Devon made Untimely Payments to Plaintiff and Class members, Devon failed to pay the interest owed pursuant to the Act. Indeed, on information and belief, Devon's failure to pay the statutorily required interest on Untimely Payments continues to this day as part of an ongoing scheme to avoid paying money clearly owed under Oklahoma law.

34.     Devon is not permitted to take advantage of its relationship with Plaintiff and Class members to realize unauthorized benefits or profits at the expense of Plaintiff and the Class. Devon has used its position as the holder of Plaintiff's and the Class' O&G Proceeds to avoid its statutory obligation to pay the statutory interest due to Plaintiff and the Class in the event of Untimely Payments. As such, Devon has improperly treated Plaintiff's and the Class' O&G Proceeds as an interest-free loan without their consent.

35.     Upon information and belief, Devon ignored its obligation under the Act to regard the O&G Proceeds it owed to Plaintiff and the Class as separate and distinct from

Devon's other cash assets. Rather, these proceeds were comingled with Devon's other cash assets. As such, Devon improperly, unfairly and in violation of the law profited from its deliberate refusal to pay statutory interest to Plaintiff and the Class.

36. In short, Devon blatantly ignored Oklahoma law regarding the payment of interest on Untimely Payments. Further, Devon did not hold the O&G Proceeds for the benefit of the owners legally entitled thereto (*i.e.* Plaintiff and the Class) and, instead, held the O&G Proceeds for its own benefit. Devon has abused its position with Plaintiff and the Class.

37. Plaintiff and the Class have been damaged by Devon's unlawful acts and omissions.

38. Devon's wrongdoing – which is in clear violation of Oklahoma law – is ongoing and continues to this day.

## CAUSES OF ACTION

### I.     BREACH OF STATUTORY OBLIGATION TO PAY INTEREST

39. The allegations set forth above are incorporated herein by reference.

40. Plaintiff brings this cause of action on behalf of himself and the Class.

41. Plaintiff and the Class were legally entitled to the payment of O&G Proceeds from Devon for wells owned and/or operated by Devon in Oklahoma.

42. Section 570.10 of the Act requires Devon to hold O&G Proceeds from the sale of oil and/or gas production for the benefit of the Owners legally entitled thereto.

43. Section 570.10 of the Act requires payment of O&G Proceeds to be made in a timely manner according to the applicable time periods set forth in the Act.

44. If the holder of any O&G Proceeds subject to the Act fails, for any reason, to make timely payments to persons entitled to receive such O&G Proceeds, the holder must pay interest on such O&G Proceeds when the payment is eventually made.

45. Devon held O&G Proceeds belonging to Plaintiff and the Class and Devon failed to timely pay O&G Proceeds owing to Plaintiff and the Class.

46. In violation of the Act, when Devon ultimately made its Untimely Payments to Plaintiff and the Class, Devon did not pay the interest owing on the Untimely Payments.

47. Devon's failure to pay interest owing on its Untimely Payments of O&G Proceeds was knowing and intentional and/or the result of Devon's gross negligence.

48. Devon's failure to pay interest owing on its Untimely Payments of O&G Proceeds has caused Plaintiff and the Class to suffer harm.

II. **FRAUD**

49. The allegations set forth above are incorporated herein by reference.

50. Plaintiff brings this cause of action on behalf of himself and the Class.

51. Devon owned and/or operated (and/or Devon owned a working interest in) numerous oil and/or gas wells throughout Oklahoma. Thus, Devon knowingly and intentionally took on the duties associated with such interests, including the duty to pay O&G Proceeds to Owners in accordance with Oklahoma law.

52. Devon, however, took on such duties with the intent to deceive Owners and not pay the full O&G Proceeds owed. Specifically, Devon knew it owed interest on Untimely Payments, but knowingly and intentionally suppressed the fact that interest was owed to Plaintiff and the Class members. Further, Devon intended to avoid its obligation to pay the

statutorily mandated interest and only pay when an Owner specifically requests payment of the statutory interest.

53. Plaintiff and the Class relied on and trusted Devon to pay them the full O&G Proceeds to which they were entitled under Oklahoma law.

54. Plaintiff and the Class have been damaged by Devon's actions and violations of law.

55. Devon's failure to pay the interest it owes to Plaintiff and the Class is a result of Devon's actual knowing and willful intent: (a) to deceive the members of the Class, and/or (b) to deprive such interest from persons Devon knows, or is aware, are legally entitled thereto. Thus, Devon should be required to pay punitive damages as a method of punishing Devon and setting an example of others.

### III. ACCOUNTING AND DISGORGEMENT

56. The allegations set forth above are incorporated herein by reference.

57. Plaintiff requests an accounting on behalf of himself and the Class.

58. Plaintiff requests the Court enter an order directing Devon to provide an accounting to Plaintiff and Class members which discloses: (a) the amount of accrued interest that Plaintiff and each Class member should have been paid by Devon, and (b) the method for calculating such amounts.

59. Devon's payment of interest owed to Plaintiff and the Class does not provide an adequate legal remedy for the wrongs committed by Devon because it will not deprive Devon of the ill-gotten gains it has obtained through its unlawful behavior.

60. The principles of equity and good conscience do not permit Devon to retain the benefits derived from its improper and unlawful use of interest owed on Untimely Payments made to Plaintiff and the Class.

61. Therefore, Plaintiff requests the Court enter an order directing Devon to disgorge itself of any benefits derived from its improper and unlawful use of Plaintiff's and the Class' interest payments, including but not limited to interest that has accrued on such interest since the time in which Devon made the Disputed Payments to Plaintiff and the Class.

## IV.     INJUNCTIVE RELIEF

62. The allegations set forth above are incorporated herein by reference.

63. Plaintiff seeks injunctive relief on behalf of himself and the Class.

64. Unless enjoined by this Court, Devon will continue its pattern and practice of failing to pay interest owed on Untimely Payments to Plaintiff and the Class members.

65. Devon has utilized its superior knowledge and control of information regarding Plaintiff's and the Class' entitlement to interest on Untimely Payments to engage in a fraudulent scheme with regard to its willful and intentional failure to pay such interest. As such, Devon's wrongdoing is ongoing, and injuries in the future by Plaintiff and the Class are irreparable in that the vast majority of Class members are unaware of their right to be paid interest.

66. There is no adequate and complete remedy at law for continuing violations of the Act by Devon.

67. Plaintiff requests the Court enter a permanent injunction, ordering Devon to pay interest as required by law when Devon makes future Untimely Payments to Plaintiff and the Class.

68. Devon will not suffer any harm as a result of granting the Class members' request for injunctive relief because Devon's compliance with the Court's order will be consistent with Devon's legal obligations and duties to Plaintiff and the Class.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Devon to pay Plaintiff and Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of Devon's breaches and/or unlawful conduct including, without limitation, the compounded interest on Untimely Payments as required by law;

3. An order requiring Devon to provide Plaintiff and the Class with an accounting;

4. An order requiring Devon to disgorge itself of the ill-gotten gains it has obtained through the unlawful use of interest owed to Plaintiff and the Class;

5. An order requiring Devon to pay interest in the future, as required by law, to Plaintiff and the Class;

6. An order awarding punitive damages as determined by the jury and in accordance with Oklahoma law on each of Devon's wrongful acts, as alleged in this Class Action Complaint;

7. An order requiring Devon to pay the Class attorney's fees and litigation costs as provide by statute; and

8. Such costs and other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all matters so triable.

Respectfully Submitted,

*/s/ Reagan E. Bradford*

Reagan E. Bradford, OBA #22072
Ryan K. Wilson, OBA #33306
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
Telephone: (405) 698-2770
reagan@bradwil.com
ryan@bradwil.com

*-and-*

Tim Maxcey, OBA #13567
STIPE LAW FIRM
PO Box 1369
McAlester, OK 74502
(918) 423-0421
(918) 423-0266 (facsimile)
tmaxcey@stipelaw.com

**COUNSEL FOR PLAINTIFF**