IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Chuck Travis Cowan, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Devon Energy Corporation, et al.,<br><br>Defendants. | Case No. 22-CV-220-JAR |

## JUDGMENT

This is a class action lawsuit brought by Plaintiff Chuck Travis Cowan, on behalf of himself and as representative of a class of owners (defined below), against Devon Energy Corporation and Devon Energy Production Company, L.P. ("Defendants"), for the alleged failure to pay statutory interest on payments made outside the time periods set forth in the Production Revenue Standards Act, 52 Okla. St. § 570.1 *et seq.* (the "PRSA") for oil-and-gas production proceeds from oil and gas wells in Oklahoma. On July 22, 2022, the Parties executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") finalizing the terms of the Settlement.[1]

On September 21, 2022, the Court preliminarily approved the Settlement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court, *inter alia*:

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

a.  certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the proposed Settlement Class;

b.  appointed Plaintiff Chuck Travis Cowan as Class Representative, Reagan E. Bradford and Ryan K. Wilson as Co-Lead Class Counsel;

c.  preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Class Representative's and the Settlement Class' claims; (iii) Class Representative and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

d.  preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

e.  preliminarily approved the form and manner of the proposed Notices to be communicated to the Settlement Class, finding specifically that such Notices, among other information: (i) described the terms and effect of the Settlement; (ii) notified the Settlement Class that Plaintiff's Counsel will seek Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and a Case Contribution Award for Class Representative's services; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion

    from the Settlement; and (v) described the procedure for objecting to the Settlement or any part thereof;

f. instructed the Settlement Administrator to disseminate the approved Notices to potential members of the Settlement Class in accordance with the Settlement Agreement and in the manner approved by the Court;

g. provided for the appointment of a Settlement Administrator;

h. provided for the appointment of an Escrow Agent;

i. set the date and time for the Final Fairness Hearing as January 17, 2023, at 1:30 P.M. in the United States District Court for the Eastern District of Oklahoma; and

j. set out the procedures and deadlines by which Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

 After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notices was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On January 17, 2023, in accordance with the Preliminary Approval Order and the Notice, the Court conducted a Final Fairness Hearing to, *inter alia*:

 a. determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

 b. determine whether the notice method utilized by the Settlement Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was

reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

  c. determine whether to approve the Allocation Methodology, the Initial Plan of Allocation, and distribution of the Net Settlement Fund to Class Members who did not timely submit a valid Request for Exclusion or were not otherwise excluded from the Settlement Class by order of the Court;[2]

  d. determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendants with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

  e. determine whether the applications for Plaintiff's Attorneys' Fees, reimbursement for Litigation Expenses and Administration, Notice, and Distribution Costs, and Case Contribution Award to Class Representative are fair and reasonable and should be approved;[3] and

  f. rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES** as follows:

  1. The Court, for purposes of this final Judgment (the "Judgment"), adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

---

[2] The Court will issue a separate order pertaining to the allocation and distribution of the Net Settlement Proceeds among Class Members (the "Plan of Allocation Order").

[3] The Court will issue separate orders pertaining to Plaintiff's Counsel's request for Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and Class Representative's request for a Case Contribution Award.

2. The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendants and Class Members.

3. The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as follows:

> All non-excluded persons or entities who, during the Claim Period: (1) (i) received payments from Defendants (or Defendants' designee) for oil, gas, or natural gas liquids proceeds from Oklahoma wells or (ii) whose proceeds were remitted to unclaimed property divisions of any government entity by Defendants and (2) whose payments or whose unclaimed property payments did not include statutory interest. The Settlement Class includes owners of royalty interests, overriding royalty interests, and working interests.
>
> Excluded from the Class are: (1) Defendants, their affiliates, predecessors, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (3) publicly traded oil-and-gas companies and their affiliates; (4) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; (5) any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2); and (6) officers of the Court.
>
> The Claim Period is the time period between and including October 1, 2011, through the expiration of 120 days following the execution of the Settlement Agreement (i.e., November 19, 2022).

The Court finds that the above-defined Settlement Class has been properly certified for purposes of this Settlement. The Court finds that the persons and entities identified in the attached Exhibit 1 have filed timely and valid Requests for Exclusion and are hereby excluded from the foregoing Settlement Class, will not participate in or be bound by the Settlement, or any part hereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the releases provided for in this Judgment and the Settlement Agreement.

4. At the Final Fairness Hearing on January 17, 2023, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement

and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Class Representative and Defendants and their respective Counsel, but also the concerns of any objectors and the interests of all absent Class Members. In so doing, the Court considered arguments that could reasonably be made against, *inter alia*, approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

5. The Court further finds that due and proper notice, by means of the Notices, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Notices disseminated to the Settlement Class and published pursuant to the Settlement Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma, and any other applicable law. Therefore, the Court approves the form, manner, and content of the Notice and Summary Notice used by the Parties. The Court further finds that all Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Settlement.

6. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendants, the covenants not

to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between the Parties. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement. The Parties, the Settlement Administrator, and the Escrow Agent are hereby authorized and directed to comply with and to cause the consummation of the Settlement in accordance with the Settlement Agreement, and the Clerk of this Court is directed to enter and docket this Judgment in the Litigation.

7.      By agreeing to settle the Litigation, Defendants do not admit, and instead specifically deny, that the Litigation could have otherwise been properly maintained as a contested class action, and specifically denies any and all wrongdoing and liability to the Settlement Class, Class Representative, and Class Counsel.

8.      The Court finds that on September 8, 2022, Defendants caused notice of the Settlement to be served on the appropriate state official for each state in which a Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In connection therewith, the Court has determined that,

under 28 U.S.C. § 1715, the appropriate state official for each state in which a Class Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for Defendants to include on each such notice the names of each of the Class Members who reside in each state and the estimated proportionate share of each such Class Members to the entire Settlement as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Class Members residing in each state and the value of the Gross Settlement Fund. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

9.      The Litigation and Released Claims are dismissed with prejudice as to the Released Parties. The Court finds that Defendants have agreed not to file a claim against Plaintiff or Plaintiff's Counsel based upon an assertion that the Litigation was brought by Plaintiff or Plaintiff's Counsel in bad faith or without a reasonable basis. Similarly, the Court finds that Plaintiff has agreed not to file a claim against Defendants or Defendants' Counsel based upon an assertion that the Litigation was defended by Defendants or Defendants' Counsel in bad faith or without a reasonable basis. All Class Members who have not validly and timely submitted a Request for Exclusion to the Settlement Administrator as directed in the Notice of Settlement and Preliminary Approval Order (a) are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties and

(b) are barred and permanently enjoined from, directly or indirectly, on any Class Member's behalf or through others, suing, instigating, instituting, or asserting against the Released Parties any claims or actions on or concerning the Released Claims. Neither Party will bear the other's Party's litigation costs, costs of court, or attorney's fees.

10. The Court also approves the efforts and activities of the Settlement Administrator and the Escrow Agent in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Class Representative in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.

11. Nothing in this Judgment shall bar any action or claim by Class Representative or Defendants to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

12. As described in paragraph 6.4 of the Settlement Agreement, the Settlement Administrator is directed to refund to Defendants the amounts attributable to Class Members who timely and properly submitted a Request for Exclusion or who were otherwise excluded from the Settlement Class by order of the Court in accordance with the terms and process of the Settlement Agreement.

13. This Judgment, the Settlement, and the Settlement Agreement—including any provisions contained in or exhibits attached to the Settlement Agreement; any negotiations, statements, or proceedings in connection therewith; or any action undertaken pursuant thereto— shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms of this Judgment or the Settlement (including, but not limited to defending or bringing an action based on the releases provided for herein). The Judgment, the Settlement, and the Settlement Agreement are not and shall not be deemed, described, or construed to be or offered or

received as evidence of a presumption, concession, declaration, or admission by any person or entity of the truth of any allegation made in the Litigation; the validity or invalidity of any claim or defense that was, could have been, or might be asserted in the Litigation; the amount of damages, if any, that would have been recoverable in the Litigation; that any other presently-pending or subsequently-filed lawsuit against Defendants should or could be certified as a class action under the Federal Rules of Civil Procedure or any applicable state rules of civil procedure; or any liability, negligence, fault, or wrongdoing of any person or entity in the Litigation.

14. As separately set forth in detail in the Court's Plan of Allocation Order(s), the Allocation Methodology, the Initial Plan of Allocation, and distribution of the Net Settlement Fund among Class Members who were not excluded from the Settlement Class by timely submitting a valid Request for Exclusion or other order of the Court are approved as fair, reasonable and adequate, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the Plan of Allocation Order(s) entered by the Court.

15. The Court finds that Class Representative, Defendants, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Litigation. The Court further finds that Class Representative and Class Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

16. Neither Defendants nor Defendants' Counsel shall have any liability or responsibility to Plaintiff, Plaintiff's Counsel, or the Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limiting to any distributions made by the Escrow Agent or Settlement Administrator. Except as described in paragraph 6.19 of the Settlement Agreement, no Class Member shall have any claim against Plaintiff, Plaintiff's Counsel, the Settlement Administrator, the Escrow Agent, or any of their respective designees or

agents based on the distributions made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

17. Any Class Member who receives a Distribution Check that he/she/it is not legally entitled to receive is hereby ordered to either (a) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s) or (b) return the Distribution Check uncashed to the Settlement Administrator.

18. All matters regarding the administration of the Escrow Account and the taxation of funds in the Escrow Account or distributed from the Escrow Account shall be handled in accordance with the Settlement Agreement.

19. Any order approving or modifying any Plan of Allocation Order, the application by Class Counsel for an award of Plaintiff's Attorneys' Fees or reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, or the request of Class Representatives for a Case Contribution Award shall be handled in accordance with the Settlement Agreement and the documents referenced therein (to the extent the Settlement Agreement and documents referenced therein address such an order).

20. A party, including Plaintiff, Plaintiff's Counsel, the Settlement Class, Defendants, and Defendants' Counsel, will only be liable for loss of any portion of the Escrow Account as described in paragraph 6.19 of the Settlement Agreement.

21. Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction over the Litigation, Class Representative, the Settlement Class, Defendant, and the other Released Parties for the purposes of: (i) supervising and/or determining the fairness and reasonableness of the implementation, enforcement, construction, and

interpretation of the Settlement, the Settlement Agreement, any Plan of Allocation Order entered by the Court, and this Judgment; (ii) hearing and determining any application by Class Counsel for an award of Plaintiff's Attorneys' Fees, Litigation Expenses and Administration, Notice, and Distribution Costs, and/or a Case Contribution Award for Class Representative, if such determinations were not made at the Final Fairness Hearing; (iii) supervising the distribution of funds from the Escrow Account; (iv) resolving any dispute regarding a Party's right to terminate the Settlement pursuant to the Settlement Agreement; (v) enforcing the terms of the Settlement, including the entry of injunctive or other relief to enforce, implement, administer, construe and interpret the Settlement Agreement; and (vi) exercising jurisdiction over any challenge to the Settlement on any basis whatsoever.

22.     In the event the Settlement is terminated as the result of a successful appeal of this Judgment or does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with, including the refund of amounts in the Escrow Account to Defendants.

23.     In the event that Class Representative, Defendant, or any of the Released Parties institute any legal action against the other to enforce any provision of the Settlement Agreement or this Judgment, the prevailing party or parties shall be entitled to recover from the non-prevailing party or parties reasonable attorneys' fees and costs incurred in connection with any such action.

24.     The Released Claims asserted by Class Representative in this Litigation are hereby DISMISSED WITH PREJUDICE to the refiling of the same or any portion thereof by or against the Released Parties. The Court retains jurisdiction pursuant to administer the Settlement

distribution process as contemplated in the Court's separate Plan of Allocation Order(s), to administer other aspects of the Settlement as described in the Settlement Agreement, and to issue additional orders pertaining to, *inter alia*, Class Counsel's request for Plaintiff's Attorneys' Fees and reimbursement of reasonable Litigation Expenses and Administration, Notice, and Distribution Costs, and Class Representative's request for a Case Contribution Award. Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendants and is therefore a final appealable judgment. The Court further hereby expressly directs the Clerk of the Court to file this Judgment as a final order and final judgment in this Litigation.

IT IS SO ORDERED this 17th day of January, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

## Exhibit 1

| JND ID | Name |
|---|---|
| 929057 | SOONER TREND MINERALS LLC |
| 930349 | FORTIS SOONER TREND LLC |
| 928129 | PHENOM MINERALS LLC |
| 900300 | JMA ENERGY COMPANY LLC |
| 901203 | IBEX RESOURCES LLC |
| 933331 | FMII STM LLC |
| 900204 | KAISER-FRANCIS OIL COMPANY |
| 931521 | FORTIS MINERALS II LLC |
| 900300 | JMA ENERGY COMPANY LLC |
| 901392 | KAISER-FRANCIS OIL CO |
| 901205 | ARAPAHO LAND COMPANY |
| 901139 | GBK CORPORATION |
| 900038 | MERIT ENERGY COMPANY |
| 904143 | TOWER ROYALTY CO LLC |
| 916948 | GALLEGOS LAND & CATTLE LLC |
| 900325 | YUKON TRADING CO LLC |
| 900472 | CITATION 2004 INVESTMENT LP |
| 900325 | YUKON TRADING CO LLC |
| 939838 | KAISER-FRANCIS MID-CONTINENT LLC |
| 914202 | KAISER-FRANCIS MID-CONTINENT LP |
| 934738 | AUGUSTA ENERGY COMPANY LLC |
| 900983 | MERIT MGMT PARTNERS II LP |
| 919303 | KAISER-FRANCIS ANADARKO LIMITED PARTNERSHIPS |
| 900985 | MERIT ENERGY PARTNERS E-III LP |
| 900984 | MERIT MGMT PARTNERS III LP |
| 900986 | MERIT ENERGY PARTNERS F-III LP |
| 904143 | TOWER ROYALTY CO LLC |
| 915983 | SENECA OIL COMPANY |
| 900039 | MEWBOURNE OIL COMPANY |
| 901392 | KAISER-FRANCIS OIL CO |
| 900547 | ARAPAHO LAND COMPANY LLC |
| 916564 | GEORGE B KAISER |
| 900547 | ARAPAHO LAND COMPANY LLC |
| 901203 | IBEX RESOURCES LLC |
| 920282 | JEFFREY J MCDOUGALL DBA ARAPAHO LAND COMPANY LLC |
| 900670 | KAISER FRANCIS MID CONTINENT LLC |
| 907435 | KAISER-FRANCIS OIL CO FAO GBK CORPORATION |
| 916565 | BRENDA MAGOON |
| 916570 | JOEL JANKOWSKY TRUST DTD 5-24-63 |
| 916571 | HERBORN TRUST DTD 11-4-58 |
| 925996 | GBK INVESTMENTS LLC KAISER FRANCIS OIL COMPANY AIF |
| 935638 | KAISER-FRANCIS OIL COMPANY |
| 935639 | KAISER-FRANCIS OIL CO |

| | |
|---|---|
| 937210 | KAISER-FRANCIS OIL CO |
| 937238 | KAISER-FRANCIS ROYALTY ACCOUNT |
| 943855 | KAISER FRANCIS OIL CO |
| 944049 | KAISER-FRANCIS OIL CO F/A/O GBK CORPORATION |
| 933514 | BCE-MACH LLC |
| 940257 | CITATION 2004 INVESTMENT LP |
| 944955 | CASEY DEAN ALANI |
| 900909 | MERIT PARTNERS LP |
| 900982 | MERIT MANAGEMENT PARTNERS I LP |
| 901137 | MERIT ENERGY PARTNERS III LP |
| 910769 | MERIT ENERGY PARTNERS D-III LP |
| 943890 | MERIT ENERGY PARTNERS LP |